JOSEPH G. BRYER, Petitioner for Mandamus,

*vs.*

WALTER S. WYMAN.

Androscoggin.   Opinion December 3, 1919.

*R. S., Chap. 51, Sec. 22, interpreted.*

Petition for mandamus by a stockholder to compel the defendant company to open its books to inspection to enable the petitioner to "take copies and minutes therefrom," as provided in R. S., Chap. 51, Sec. 22.   The defendant contends that this statute does not apply to a corporation doing business in this State and "having a treasurer's office at some fixed place in the state where a stock-book is kept, giving the names, residence and amount of stock of each stockholder."

*Held:*

1.   Every reason that can be urged for the first part of R. S., Chap. 51, Sec. 22, regarding the right to examine the books of non-resident corporation is equally cogent with respect to the books of a resident corporation.

2.   The facts presented fail to show any vexatious, improper or unlawful purpose on the part of the petitioner, and under the decisions of our State petitioner is entitled to have relief prayed for.

Petition for mandamus.   Cause was heard upon petition, return to alternative writ, replication and proof.   From the ruling of the court granting the petition, defendant filed exceptions.   Judgment in accordance with opinion.

Case stated in opinion.

*Joseph G. Bryer, and Ralph W. Crockett,* for petitioner.

*Harvey D. Eaton,* for defendant.

SITTING:  CORNISH, C. J., SPEAR, HANSON, PHILBROOK, DUNN, DEASY, JJ.

SPEAR, J.   This is a petition for mandamus by a stockholder to compel the defendant company to open its books to inspection to enable the petitioner to "take copies and minutes therefrom," as

provided in R. S., Chap. 51, Sec. 22.  The defendant contends that
this statute does not apply to a corporation doing business in this
State and "having a treasurer's office at some fixed place in the state
where a stock book is kept, giving the names, residence and amount
of stock of each stockholder."

It is claimed that this language is so clear as not to admit of inter-
pretation, and we concede the claim.  It is also equally clear that this
provision was made solely for the purpose of differentiating between
non-resident and resident corporations.  The non-resident is required
to keep books at some fixed place showing "a complete list of all
stockholders."  The only exemption of the resident corporation, is
that the "provision as to the list of stockholders" shall not apply, as
it already has a fixed place where all its books are kept.

Moreover every reason that can be urged for the first part of the
section regarding the right to examine the books of a non-resident
corporation is equally cogent with respect to the books of a resident
corporation.  The language is clear and the meaning plain.

The rights of a stockholder under the above Chapter and Section
have been fully considered and construed in *White* v. *Manter*, 109
Maine, 408; *Withington* v. *Bradley*, 111 Maine, 384; *Eaton* v. *Manter*,
114 Maine, 259; and *Knox* v. *Coburn*, 117 Maine, 409.

Upon the question of fact the presiding Justice found as follows:
"It is sufficient to say that the facts presented fail to show any vexa-
tious, improper or unlawful purpose on the part of the petitioner, or
on the part of his client, Mr. Shea, for whom he is acting in this
matter."  The case is entirely within the decision in *Knox* v. *Coburn*,
supra.

A careful reading of the evidence reveals no error in the finding of
facts.

*Exceptions overruled.*